## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DANIEL JEMAR NEWTON**                                          **CIVIL ACTION**

**VERSUS**

**JOSEPH A. CAMINITA, ET AL.**                    **NO. 3:16-00363-BAJ-EWD**

### RULING AND ORDER[1]

Before the Court is a **Partial Motion to Dismiss (Doc. 4)** filed by Defendants State of Louisiana, Through the Department of Public Safety and Corrections and Louisiana State Trooper Erin Williams (collectively, "Defendants"). The motion is unopposed. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a). For the reasons explained herein, Defendants' motion is **GRANTED** pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[2]

### I.     BACKGROUND

Plaintiff Daniel Jemar Newton ("Plaintiff") alleges that on the night of January 30, 2015, he interacted with two Tangipahoa Parish Sheriff's Office ("TPSO") Deputies, who were responding to a call from Plaintiff's mother regarding a verbal altercation between Plaintiff and his father. (Doc. 1-3). Plaintiff further alleges that that in the early hours of January 31, 2015, after his interaction with the TPSO Deputies, Plaintiff was involved in an altercation with Louisiana State Trooper Erin

---

[1] Oddly, this case was previously filed in the Eastern District of Louisiana, where it was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See Daniel Jemar Newton v. Joseph A. Caminita, et al.*, No. 16-cv-837 (E.D. La. July 6, 2016), ECF No. 9.

[2] Defendants do not explicitly state under which rule they move. The Court therefore assumes that Defendants have brought a Rule 12(b)(6) motion to dismiss.

Williams ("Williams"). (*Ibid.*). Plaintiff alleges that Williams used excessive force against him and then arrested him in an effort to cover it up. (*Ibid.*).

Plaintiff therefore brings claims against Williams acting in his official and individual capacities, pursuant to 42 U.S.C. §§ 1983, 1985, 1986,[3] and Louisiana law. (*Id.* at ¶ 37). Plaintiff also brings claims against the State of Louisiana, Through the Department of Public Safety and Corrections ("DPSC") pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and Louisiana law. (*Ibid.*). Plaintiff's alleges that DPSC "on and prior to January 30, 2015, . . . developed and maintained policies and customs . . . [that ultimately] caused the violation of Plaintiff's [constitutional] rights." (*Id.* at ¶ 46).

Defendants now seek to dispose of: (1) Plaintiff's § 1983 claim against Williams acting in his official capacity; (2) Plaintiff's § 1983 claim against DPSC; (3) Plaintiff's § 1985 claim against Williams acting in his official capacity; (4) Plaintiff's § 1985 claim against Williams acting in his individual capacity; (5) Plaintiff's § 1985 claim against DPSC; (6) Plaintiff's § 1986 claim against Williams acting in his official capacity; (7) Plaintiff's § 1986 claim against Williams acting in his individual capacity; and (8) Plaintiff's § 1986 claim against DPSC. Defendants do not seek to dispose of Plaintiff's state law claims. Nor do Defendants seek to dispose of Plaintiff's § 1983 claim against Williams acting in his individual capacity.

---

[3] Plaintiff also alleges that he is asserting claims pursuant to 42 U.S.C. § 1988. (Doc. 1-3 at ¶ 37). However, 42 U.S.C. § 1988 is not a cause of action. It simply allows "the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts "all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014). However, while a complaint does not need detailed factual allegations, it must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

### A.   42 U.S.C. § 1983

Claims arising under 42 U.S.C. § 1983 may only be brought against "persons." *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011). DPSC and Williams acting in his official capacity are not "persons" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70—71 (1989). Accordingly, Plaintiff's § 1983 claim against Williams acting in his official capacity and Plaintiff's § 1983 claim against DPSC are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

3

**B.    42 U.S.C. § 1985**

42 U.S.C. § 1985(3)[4] prohibits, *inter alia*, "two or more persons in any State or Territory" from conspiring to deprive "any person or class of persons of the equal protection" of the laws, privileges, and immunities of the United States. "[A] lack of personhood under § 1983 equates to a lack of personhood under § 1985." *Washington*, 425 F. App'x at 333 n.2 (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). Accordingly, Plaintiff's § 1985 claim against DPSC and Plaintiff's § 1985 claim against Williams acting in his official capacity are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6).

Plaintiff has also brought a claim against Williams acting in his individual capacity pursuant to 42 U.S.C. § 1985(3). This claim is legally permissible, but is factually unsupported. Plaintiff does not allege that Williams conspired with anybody – nonetheless a "person" under § 1983. *Cf. Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (holding that a single legal entity is "incapable of conspiring with itself"). Moreover, the language of 42 U.S.C. § 1985(3) presupposes a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010). Plaintiff does not allege that Williams acted with discriminatory animus. He simply alleges that Williams used excessive force against him and arrested him in violation of his constitutional rights.

---

[4] Plaintiff has failed to identify the subsection under which his 42 U.S.C. § 1985 claim arises. However, only part 1 of 42 U.S.C. § 1985(3) makes sense given the facts alleged. *See Shafizadeh v. Guillory*, No. CIV.A. 6:14-1104, 2014 WL 2801331, at *2 (W.D. La. June 19, 2014) (discussing the three subsections of 42 U.S.C. § 1985).

Accordingly, Plaintiff's § 1985 claim against Williams acting in his individual capacity is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

### C.    42 U.S.C. § 1986

"[A] valid § 1985 claim is a prerequisite to a § 1986 claim." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Plaintiff has failed to state a valid § 1985 claim. Thus, he cannot bring a claim under § 1986.

Accordingly, Plaintiff's § 1986 claim against Williams acting in his official capacity is **DISMISSED WITH PREJUDICE**, Plaintiff's § 1986 claim against DPSC is **DISMISSED WITH PREJUDICE**, and Plaintiff's § 1986 claim against Williams acting in his individual capacity is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

### IV.    CONCLUSION

**IT IS ORDERED** that Defendants' **Partial Motion to Dismiss (Doc. 4)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claim against Williams acting in his official capacity is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claim against DPSC is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1985 claim against Williams acting in his official capacity is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1985 claim against DPSC is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1985 claim against Williams acting in his individual capacity is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1986 claim against Williams acting in his official capacity is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1986 claim against DPSC is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1986 claim against Williams acting in his individual capacity is **DISMISSED WITHOUT PREJUDICE**.

Baton rouge, Louisiana, the _8th_ day of August, 2016.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**