UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL NEWTON | CIVIL ACTION |
| VERSUS | |
| DEPUTY JOSEPH CAMINITA ET AL. | NO.: 16-00363-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 31)** filed by the State of Louisiana through the Department of Public Safety and Corrections and Trooper Erin Williams. No opposition was filed. For the reasons that follow, the **Motion (Doc. 31) is GRANTED**.

I. BACKGROUND

This 42 U.S.C. § 1983 suit arises from a struggle between an intoxicated man and a police officer. (Doc. 31-2 at ¶¶ 1-2). After drinking liquor for several hours, Plaintiff Daniel Newton awoke at his father's home. (*Id.*). Plaintiff began arguing with his father, and someone called the police. (*Id.* at ¶ 5). Deputies from the Tangipahoa Parish Sheriff's Office responded to the call and removed Plaintiff from the home. (*Id.* at ¶ 7).

Later that night, Louisiana State Trooper Erin Williams received a dispatch call about a truck abandoned in a ditch. (*Id.* at ¶ 9). Around 12:55 A.M., Trooper Williams arrived on the scene and called a wrecker to retrieve the truck. (*Id.* at ¶ 10). Plaintiff arrived on the scene five minutes later. (*Id.* at ¶ 12).

1

Upon Trooper Williams's request, Plaintiff failed to present a driver's license or proof of insurance. (*Id.* at ¶¶ 13-15). Because Trooper Williams smelled alcohol on Plaintiff's breath, Trooper Williams gave Plaintiff a field sobriety test. (*Id.* at ¶ 25). Plaintiff passed. (*Id.*).

Next, Trooper Williams told Plaintiff that he was going to call a tow truck. (*Id.* at ¶ 17). Plaintiff became upset and began yelling expletives at Trooper Williams. (*Id.* at ¶¶ 18-23). After Plaintiff threatened Trooper Williams and the tow-truck driver, Trooper Williams detained Plaintiff. (*Id.* at ¶ 24). At some point, Trooper Williams and Plaintiff began to fight. (*Id.* at ¶ 34.). Trooper Williams eventually brought Plaintiff to the ground, but Plaintiff resisted Trooper Williams's attempts to cuff him. (*Id.* at ¶ 37).

After cuffing Plaintiff, Trooper Williams charged Plaintiff with resisting arrest, driving without a license, careless operation, and failure to carry insurance. (*Id.* at ¶ 43). Trooper Williams then drove Plaintiff to the Tangipahoa Parish Jail. (*Id.* at 42). On the trip, Plaintiff did not request medical treatment or say that he was in pain. (*Id.* at ¶ 41).

Jail officials released Plaintiff on his own recognizance. (*Id.* at ¶ 47). After his release, Plaintiff went to North Oaks Medical Center complaining of "being assaulted by about 4-5 other men, a few hours ago." (*Id.* at ¶ 49). Plaintiff does not recall anything about his encounter with Trooper Williams. (*Id.* at ¶ 51).

Even so, Plaintiff sued the Department of Public Safety and Corrections (the "Department") and Trooper Williams for violations of state law and § 1983. (Doc. 12).

Plaintiff alleges that Trooper Williams violated his constitutional rights by using excessive force against him and acting with deliberate indifference to his medical needs. (Doc. 12 at ¶¶ 36, 53). Plaintiff also alleges battery and intentional infliction of emotional distress claims against Trooper Williams. (*Id.* at ¶¶ 59, 61). And Plaintiff alleges a failure-to-train claim against the Department.[1] (*Id.* at ¶ 58).

Now, Defendants move for summary judgment dismissing all Plaintiff's remaining claims. (Doc. 31).

## II. LEGAL STANDARD

The Court will enter summary judgment in Defendants' favor if Defendants show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court cannot grant summary judgment just because Defendants' motion is unopposed; Defendants must point to the absence of a material factual dispute. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). In deciding if they have done so, the Court views facts and draws reasonable inferences in Plaintiff's favor. *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018). Because Plaintiff failed to file a response, Defendants' properly-supported assertions of fact are undisputed. FED. R. CIV. P. 56(e)(2).

---

[1] The Court dismissed Plaintiff's § 1983 claims against the Department and Plaintiff's official-capacity § 1983 claims against Trooper Williams. (Doc. 8). Plaintiff has since amended his complaint. (Doc. 12). That complaint is difficult to comprehend, and it is not clear whether it attempts to re-allege the claims the Court dismissed. (Doc. 12). If it does, the Court dismisses the re-alleged claims for the reasons it dismissed the original claims. (Doc. 8).

3

## III. DISCUSSION

### A. Trooper Williams

#### 1. § 1983 Claims

Plaintiff alleges individual-capacity excessive-force and deliberate-indifference claims against Trooper Williams under § 1983. (Doc. 12 at ¶¶ 36, 53). Trooper Williams asserts that summary judgment is appropriate because he enjoys qualified immunity. (Doc. 31 at ¶ 2). The Court agrees.

Qualified immunity "shields officials from civil liability as long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

Because Trooper Williams has properly invoked qualified immunity, the burden shifts to Plaintiff to show that Trooper Williams violated a statutory or constitutional right that was clearly established at the time of Trooper Williams's conduct. *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018). Plaintiff fails to carry that burden because he fails to marshal any facts in the record to rebut Trooper Williams's qualified-immunity defense. The Court therefore grants summary judgment to Trooper Williams on Plaintiff's § 1983 claims. *See Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (affirming summary judgment against plaintiff who failed to rebut qualified-immunity defense).

4

## 2. State-Law Claims

Plaintiff also alleges battery and intentional infliction of emotional distress claims against Trooper Williams. Both fail for lack of factual support.

Battery is "a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Landry v. Bellanger,* 2002-1443, p. 6 (La. 5/20/03); 851 So. 2d 943, 949. A police officer is not liable for a battery he commits during a lawful arrest unless he uses unreasonable force. *Gerard v. Parish of Jefferson,* 424 So. 2d 440, 444 (La. Ct. App 5th Cir. 1982) (citing *Kyle v. City of New Orleans,* 353 So. 2d 969, 972 (La. 1972)).

Undisputed record evidence confirms that Trooper Williams lawfully arrested Plaintiff. Trooper Williams had probable cause to arrest Plaintiff for resisting an officer under Louisiana Revised Statutes 14:108 because Plaintiff yelled expletives and threats at Trooper Williams and tried to stop Trooper Williams from cuffing him. (Doc. 31-2 at ¶¶ 18-23). The record also confirms that Trooper Williams used reasonable force when he—with help from a bystander—brought Plaintiff to the ground after a 45 second struggle. *See Gerard,* 424 So. 2d at 444. The Court therefore grants summary judgment to Trooper Williams on Plaintiff's battery claim.

Like his battery claim, Plaintiff's intentional infliction of emotional distress claim finds no support in the record. To recover on the claim, Plaintiff must prove (1) that Trooper Williams's conduct was extreme and outrageous, (2) that the emotional distress Plaintiff suffered was severe, and (3) that Trooper Williams desired to inflict severe emotional distress or knew that severe emotional distress was substantially

certain to result from his conduct. *Prest v. La. Citizens Property Ins. Corp.*, 2012-0513, (La. 12/4/12); 125 So. 3d 1079, 1098 n.5.

Plaintiff cannot satisfy the first element of his claim because the undisputed facts in the record show that Trooper Williams's conduct was reasonable—not "extreme and outrageous." *See Prest*, 125 So. 3d at 1098 n.5. The Court therefore grants summary judgment to Trooper Williams on Plaintiff's intentional infliction of emotional distress claim.

### B. The Department

#### 1. Failure to Train

Plaintiff alleges that the Department negligently failed to train its officers. (Doc. 12 at ¶ 58). The Department responds that it enjoys discretionary-function immunity from failure-to-train claims under Louisiana Revised Statutes 9:2798.1. (Doc. 31-1 at p. 25).

The statute insulates the Department from liability "based upon the exercise or performance or the failure to exercise or perform . . . policymaking or discretionary acts." LA. R.S. 9:2798.1. It applies here if "(1) a state law, regulation, or policy specifically prescribes the course of action; and (2) the challenged action is grounded in political, economic, or social policy." *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005) (citing *Fowler v. Roberts*, 556 So. 2d 1, 15 (La. 1990)).

Prong one is met. No law, regulation, or policy controls the Department's course of action; the Department has "a wide variety of options for training officers

6

under [its] command." *See Roberts*, 397 F.3d at 296. And Louisiana State Police training policy 1401 gives the Louisiana State Police training committee discretion to "recommend courses of instruction to members of the department that will enable them to perform their duties in an effective manner." (Doc. 31-13 at p. 1).

Prong two is also met. The Department's "training and supervisory decisions are grounded in policy considerations[.]" *See Roberts*, 397 F.3d at 296. The Department therefore enjoys discretionary immunity under Louisiana Revised Statutes 9:2798.1.

Because the Department enjoys discretionary-function immunity from Plaintiff's failure-to-train claim, the Court grants the Department's motion for summary judgment on the claim.

### 2. Vicarious Liability

Plaintiff seeks to hold the Department vicariously liable for torts that he alleges Trooper Williams committed in the course and scope of his employment with the Department. (Doc. 12 at ¶ 67). Because the undisputed facts in the record show that Trooper Williams did not commit an underlying tort, the Department cannot have vicarious liability. *See Mathieu v. Imperial Toy Corp.*, 94-0952, p. 12 (La. 11/30/94); 646 So. 2d 318, 326. The Court therefore grants the Department's motion for summary judgment on Plaintiff's vicarious-liability claim.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 31)** filed by the State of Louisiana through the Department of Public Safety and Corrections and Trooper Erin Williams is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**. A separate Final Judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 13th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**