UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL NEWTON | CIVIL ACTION |
| VERSUS | |
| DEPUTY JOSEPH CAMINITA ET AL. | NO.: 16-00363-BAJ-EWD |

### RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 29)** filed by Tangipahoa Parish Sheriff Daniel Edwards and Tangipahoa Parish Sheriff's Office Deputies Joseph Caminita and Alexander Zebrick. No opposition was filed. For the reasons that follow, the **Motion (Doc. 29)** is **GRANTED**.

I. BACKGROUND

This 42 U.S.C. § 1983 suit arises from a struggle between an intoxicated man and law enforcement officers. (Doc. 29-1 at ¶¶ 1-13). After drinking liquor for several hours, Plaintiff Daniel Newton awoke at his father's home. (*Id.* at ¶ 1). Plaintiff began arguing with his father, and someone called the police. (*Id.* at ¶ 5). Deputies Caminita and Zebrick responded to the call around midnight. (*Id.*).

After Deputies Caminita and Zebrick arrived at Plaintiff's father's home, Plaintiff's father told them that he wanted Plaintiff to leave the property. (*Id.* at ¶ 6). Deputy Caminita and Plaintiff got into Plaintiff's father's truck, and Deputy Caminita drove Plaintiff off the property. (*Id.* at ¶ 7). Deputy Zebrick followed in a police car. (*Id.* at ¶ 8).

1

Next, Deputies Caminita and Zebrick dropped Plaintiff off. (*Id.* at ¶ 9). No one recalls where. (*Id.* at ¶ 9). Before leaving Plaintiff, Deputy Caminita advised him not to drive the truck. (*Id.* at ¶ 11). Plaintiff does not recall the events that followed. (*Id.* at ¶ 12).

Around 12:45 A.M., Louisiana State Trooper Erin Williams received a dispatch call about an abandoned truck in a ditch. (Doc. 31-2 at ¶ 9). Trooper Williams arrived at the scene about ten minutes later. (*Id.* at ¶ 10). Plaintiff arrived at the scene five minutes later; he began arguing with Trooper Williams about whether the truck would be towed. (*Id.* at ¶ 17). Trooper Williams then gave Plaintiff a field sobriety test. (*Id.* at ¶ 25). Plaintiff passed. (*Id.*).

After the test, the argument escalated. (*Id.* at ¶ 34). Trooper Williams and Plaintiff began to fight. (*Id.*). Trooper Williams brought Plaintiff to the ground, arrested Plaintiff, and charged Plaintiff with resisting arrest, driving without a license, careless operation, and driving without insurance. (*Id.* at ¶ 43). This lawsuit followed.

Plaintiff sued Sheriff Edwards, Deputy Caminita, and Deputy Zebrick for constitutional violations under § 1983. (Doc. 12). Plaintiff alleges deliberate-indifference claims against Deputies Caminita and Zebrick and a failure-to-train claim against Sheriff Edwards. (*Id.*). Plaintiff also alleges negligence claims against all Defendants .(*Id.*).

Now, Defendants move for summary judgment. (Doc. 29). Defendants argue that they are entitled to qualified immunity on Plaintiff's individual-capacity federal-law claims. (Doc. 29-2 at p. 12). And Plaintiff's state-law claims should be dismissed, Defendants argue, because the undisputed facts in the record show that Defendants acted reasonably under the circumstances. (*Id.*).

## II. LEGAL STANDARD

The Court will enter summary judgment in Defendants' favor if Defendants show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court cannot grant summary judgment just because Defendants' motion is unopposed; Defendants must point to the absence of a material factual dispute. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). In deciding if they have done so, the Court views facts and draws reasonable inferences in Plaintiff's favor. *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018). Because Plaintiff failed to file a response, Defendants' properly-supported assertions of fact are undisputed. FED. R. CIV. P. 56(e)(2).

## III. DISCUSSION

### A. Deliberate Indifference

Plaintiff alleges that Deputies Caminita and Zebrick acted with deliberate indifference to his serious medical needs because they failed to recognize that he "needed medical attention for his abnormal behavior." (Doc. 12 at ¶ 36). Plaintiff

3

alleges that Deputies Caminita and Zebrick should have brought him to a hospital rather than leaving him alone with his truck. (*Id.* at ¶ 14).

To recover on his deliberate-indifference claim, Plaintiff must show that Deputies Caminita and Zebrick "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 279 (5th Cir. 2015). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997).

Undisputed record evidence confirms that Deputies Caminita and Zebrick did not act with deliberate indifference to Plaintiff's medical needs. *See Mason*, 806 F.3d at 279. Plaintiff did not request medical treatment, did not appear as if he needed medical treatment, and did not show signs of impairment. (*Id.* at p. 27). And Plaintiff passed a field sobriety test less than an hour after Deputies Caminita and Zebrick dropped him off. (Doc. 31-2 at ¶ 25).

Because Plaintiff has not identified any "specific evidence in the record . . . sufficient to sustain a finding in [his] favor" on his deliberate-indifference claims, summary judgment is appropriate. *See Brand Services, L.L.C. v. Irex Corp.*, 909 F.3d

151, 157 (5th Cir. 2018). The Court therefore grants Defendants' motion for summary judgment on Plaintiff's deliberate-indifference claims.[1]

B.     **Failure to Train**

Plaintiff alleges that Sheriff Edwards failed to train Tangipahoa Parish Sherriff's Office employees how to treat suspects with mental health issues and that the failure violated his constitutional rights. (Doc. 12 at ¶¶ 40-51).

To recover on his failure-to-train claim, Plaintiff must show that (1) Sheriff Edwards failed to train Deputies Caminita and Zebrick, (2) the failure to train caused the violation of Plaintiff's rights, and (3) the failure to train amounts to deliberate indifference. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Because the third prong is dispositive, the Court considers it first.

To satisfy the third prong, Plaintiff must show "a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.'" *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001)). He fails to do so.

Plaintiff marshals no evidence to support a finding that the Sheriff's training or supervision was "obviously likely to result in a constitutional violation." *Cousin*, 325 F.3d at 637. Nor does Plaintiff offer any evidence of a *pattern* of violations; he

---

[1] Separately, summary judgment is warranted on qualified-immunity grounds because Plaintiff fails to rebut Defendants' properly-raised qualified-immunity defense. *See Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012).

5

points to *one* incident. *See Estate of Davis*, 406 F.3d at 383. The Court therefore grants Defendants' motion for summary judgment on Plaintiff's failure-to-train claim against Sheriff Edwards.

C.  **Negligence**

Plaintiff alleges that his damages were caused by Defendants' negligent failure to "[a]sess mental and physical needs of citizens," "[p]rovide deputies sensitivity classes regarding mental and physical illnesses," and "train and instruct deputies how to appropriately neutralize a situation/disturbance when there are mental health and medical issues involved." (Doc. 12 at ¶ 58).

In Louisiana, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. The Court uses the duty-risk analysis to decide whether to impose liability for negligence under Article 2315. *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095, p. 7 (La. 3/10/06); 923 So. 2d 627, 632. To recover under the duty-risk approach, Plaintiff must prove five elements:

(1) Defendants had a duty to conform their conduct to a specific standard;
(2) Defendants' conduct failed to conform to the appropriate standard;
(3) Defendants' substandard conduct was a cause in fact of Plaintiff's injuries
(4) Defendants' substandard conduct was a legal cause of Plaintiff's injuries;
(5) Actual damages.

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008).

6

Deputies Caminita and Zebrick owed Plaintiff a duty to act reasonably under the "totality of the circumstances." *Stroik v. Ponseti*, 96-2897, p. 7 (La. 9/9/97); 699 So. 2d 1072, 1077. Plaintiff's negligence claim cannot survive summary judgment because Plaintiff offers no evidence to support a finding that any defendant breached that duty. What is more, undisputed record evidence confirms that Defendants acted reasonably under the "totality of the circumstances." *Id.* at 1077. Deputies Caminita and Zebrick acted reasonably when they removed Plaintiff from his father's home, dropped Plaintiff off at a safe location, and directed Plaintiff not to drive later that night. The Court therefore grants Defendants' motion for summary judgment on Plaintiff's negligence claim.

IV.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 29)** filed by Tangipahoa Parish Sheriff Daniel Edwards and Tangipahoa Parish Sheriff's Office Deputies Joseph Caminita and Alexander Zebrick is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 13th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**